1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEDALE UNION SCHOOL DISTRICT, | Case No.: 1:16-CV-0147- JLT |
| Plaintiff, | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| v. | Pleading Amendment Deadline: 6/16/2016 |
| J.F, | Initial Disclosures/responses to outstanding discovery: 5/20/2016 |
| Defendants. | |
| AND RELATED CROSS-CLAIMS | Administrative Record Deadlines:<br>    Filing: 5/2/2016 |

Discovery Deadlines:
    Non-Expert: 7/5/2016
    Expert: 8/3/2016

Non-Dispositive Motion Deadlines:
    Filing:  8/19/2016
    Hearing:  9/16/2016

Cross Motions for Summary Judgment Deadlines:
    Filing:  10/3/2016
    Opposition:  11/28/2016
    Replies: 12/12/2016
    Hearing:  1/9/2017

Trial:  2/13/2017 at 8:30 a.m.
    510 19th Street, Bakersfield, CA
    Bench Trial: 2 days

1

**I.      Date of Scheduling Conference**

April 27, 2016.

**II.     Appearances of Counsel**

Stacy Inman appeared on behalf of Plaintiff/Cross Defendant.

Diane Weissburg appeared on behalf of Defendant/Cross Complainant.

**III.    Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **June 16, 2016**.

**IV.     Administrative Record**

Plaintiff SHALL file the administrative record no later than **May 2, 2016**. Plaintiff need not provide a courtesy paper copy but **SHALL** provide a searchable electronic copy to the Court. Any objections, or a motion to supplement the record, **SHALL** be filed no later than **May 20, 2016**.

If there is a dispute over the contents of the administrative record, the objecting party **SHALL** confer with the opposing party in a good faith effort to resolve the issues in dispute. If that good faith effort is unsuccessful, the objecting party **SHALL** promptly seek a telephonic hearing with all involved parties and the Court. It is the obligation of the objecting party to arrange and originate the conference call to the Court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov.

**V.      Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and Plaintiff is required to provide responses to the outstanding discovery, on or before **May 20, 2016**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **July 5, 2016**, and all discovery pertaining to experts on or before **August 3, 2016**.

The parties are directed to disclose all expert witnesses, in writing, on or **June 6, 2016**, and to disclose all rebuttal experts on or before **July 6, 2016**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts

that are not disclosed pursuant to this order.

The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

## V. Pre-Trial Motion Schedule

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **August 19, 2016**, and heard on or before **September 16, 2016**. The Court hears non-dispositive motions at 9:00 a.m. at the United States District Courthouse in Bakersfield, California.

**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.** Likewise, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.**

The cross motions for summary judgment **SHALL** be filed no later than **October 3, 2016**. Oppositions **SHALL** be filed no later than **November 28, 2016** and optional reply briefs may be filed

no later than **December 12, 2016**.  The Court will hear argument on the motions on **January 9, 2017**. In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

### VII. Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing the cross motions for summary judgment, counsel are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motions. The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

Counsel are jointly responsible for initiating the conference.  **At least five days before the conference,** counsel for plaintiff **SHALL** provide a complete, proposed statement of undisputed material facts to counsel or defendants.[1] **At least two days before the conference**, counsel for defendants **SHALL** propose, in writing, any additional undisputed, material facts (along with citation to the administrative record/evidence) needed for a full determination[2] of the motions. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motions, may be deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.  **Failure to comply may result in the motion being stricken.**

### VIII. Trial Date

**February 13, 2017**, at 8:30 a.m. at the United States District Courthouse in Bakersfield, California, before the Honorable Jennifer L. Thurston, United States Magistrate Judge.

---

[1] This requires that each proposed undisputed fact be supported by citation to the administrative record/evidence.
[2] As necessary, the parties will provide with their cross-motion, a separate statement of undisputed, material facts, which will include those facts their opponent disputes.

4

1      A.    This is a bench trial.

2      B.    Counsels' Estimate of Trial Time: 2 days.

3      C.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of
4  California, Rule 285.

5  **IX.**    **Settlement Conference**

6  If the parties desire a conference with the Court, they may file a joint written request for a
7  settlement conference.  Alternatively, the parties may file a joint written request for referral to the
8  Court's Voluntary Dispute Resolution Program.

9  **X.**    **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten**
10  **Trial**

11  Not applicable at this time.

12  **XI.**    **Related Matters Pending**

13  There are no pending related matters.

14  **XII.**    **Compliance with Federal Procedure**

15  All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure
16  and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any
17  amendments thereto.  The Court must insist upon compliance with these Rules to efficiently handle its
18  increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil
19  Procedure and the Local Rules of Practice for the Eastern District of California.

20  **XIII.**    **Effect of this Order**

21  The foregoing order represents the best estimate of the court and counsel as to the agenda most
22  suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the
23  parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered
24  to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by
25  subsequent status conference.

26  **The dates set in this Order are considered to be firm and will not be modified absent a**
27  **showing of good cause even if the request to modify is made by stipulation.  Stipulations**
28  **extending the deadlines contained herein will not be considered unless they are accompanied by**

5

**affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **April 27, 2016**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE