**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSEDALE UNION SCHOOL DISTRICT,<br><br>   Plaintiff,<br><br>   v.<br><br>J.F.,<br><br>   Defendants.<br>_____<br><br>AND RELATED CROSS ACTION | Case No.: 1:16-cv-00147 JLT<br><br>ORDER GRANTING REQUEST TO SEAL THE ADMINISTRATIVE RECORD<br><br>(Doc. 19) |

   This action arises under the Individuals with Disabilities Education Act.  Plaintiff claims the administrative law judge improperly decided that it had committed a violation of "a substantive violation of procedure that denied Student a FAPE [Free and Appropriate Public Education]." (Doc. 1 at 4)  In his cross action, the child claims he was denied "a FAPE because of the District's predetermination of vision therapy services and found that the Student prevailed on this issue." (Doc. 7 at 11-12)

   The parties seek to have the Court file the administrative record under seal.  (Doc. 19) The parties' concern is that the child's name or other personal identifying information is noted on nearly every page of the record.  (Doc. 19 at 3)  Moreover, the documents contain evidence "about Student's health, his intellectual functioning, his physical functioning, his disabilities, as well as other personally

1

1  private information." Id.  The parties agree, "any right to public access to these documents is
2  outweighed by the child's private interests under the IDEA, FERPA and the California Education
3  Code. Public disclosure here would undermine the confidential nature of J.F.'s personal records and
4  his identifiable information and it would provide access to the public when that is typically not
5  allowed under the law." Id.

6  The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c).  The
7  Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment,
8  oppression, or undue burden or expense, including . . . requiring that a trade secret or other
9  confidential research, development, or commercial information not be revealed or be revealed only in
10 a specified way."  Only if good cause exists may the Court seal the information from public view after
11 balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors
12 Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors
13 Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

14 Presumptively, documents filed in civil cases are to be available to the public.  EEOC v.
15 Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu,
16 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th
17 Cir.2003).  The Court may seal documents only when the compelling reasons for doing so outweigh
18 the public's right of access. EEOC at 170.  In evaluating the request, the Court considers the "public
19 interest in understanding the judicial process and whether disclosure of the material could result in
20 improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."
21 Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

22 As noted above, Plaintiff seeks to seal documents that list the child's name and other
23 identifiers.  The record has this information listed throughout making redaction impractical.  Likewise,
24 the information contained in the record is highly sensitive and is deserving of confidentiality.
25 Moreover, the parties jointly agree that the record should be filed under seal.[1] Thus, the Court finds a
26
27
28

---

[1] Counsel are advised that this order does not preclude the Court from issuing orders on the public docket which discusses information contained in the sealed administrative record.  On the other hand, the Court may issue orders under seal temporarily and give the parties an opportunity to recommend redactions for the public version of the order.  In this event,

compelling need for the information contained in the record to remain private.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The joint request to file the administrative record under seal (Doc. 1() is **GRANTED**;

2. **No later than May 2, 2016,** Plaintiff **SHALL** e-mail the administrative record to ApprovedSealed@caed.uscourts.gov to allow the Clerk of the Court to file it under **SEAL**. Each document included in the administrative record must be submitted in PDF format. No file submitted for sealing may exceed 10MB. Thus, as necessary, the administrative record may be broken up into files not exceeding 10 MB.

IT IS SO ORDERED.

Dated:   **April 29, 2016**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

---

failing to recommend redactions may result in the Court docketing the full order, which would open the confidential information public review.