**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSEDALE UNION SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>J.F., a minor buy and through BRADLEY FEIGE and JENNIFER FEIGE,<br><br>Defendant.<br><br>AND RELATED CROSS-CLAIMS | Case No.: 1:16-cv-00147 - JLT<br><br>ORDER DENYING THE MOTION TO COMPEL COMPLIANCE WITH THE SETTLEMENT AGREEMENT<br><br>(Doc. 33) |

J.F., by and through his parents Bradley Feige and Jennifer Feige, seeks to compel Rosedale Union School District to comply with the terms of the Settlement Agreement, and an award of fees, costs, and sanctions. (Doc. 33) The District filed its opposition to the motion on November 15, 2016 (Doc. 37) to which Plaintiff filed a reply on November 21, 2016 (Doc. 39). The Court found the matter suitable for decision without oral arguments, and the matter was taken under submission pursuant to Local Rule 230. (Doc. 40)

For the reasons set forth below, the Court finds the District has not failed to comply with the terms of the Settlement Agreement or acted in bad faith, and the motion to compel is **DENIED**.

///

///

1

## I. Background

This action is an appeal of a decision rendered by an administrative law judge under the Individuals with Disabilities Education Act, addressing the services to be offered by Rosedale Union School District to J.F., who was three years old when he began attending school in the District. (Doc. 1 at 2) J.F. has "cerebral palsy, infantile spasms, complex partial seizures and a visual field defect." (*Id.* at 2, ¶ 6) In addition, "[h]is cerebral palsy results in right-sided hemiplegia which inhibits his ability to use his arm, hand, and leg on his side." (*Id.* at 2-3)

On August 31, 2015, J.F. filed a due process hearing request, asserting the District denied him "a free appropriate public education because it failed to offer or provide vision therapy for the 2015-2016 school year" and that the District denied his parents "the opportunity to meaningfully participate in the development of [J.F.'s] individualized education program by failing to address [the] concerns regarding [J.F.'s] need for vision therapy." (Doc. 1 at 5, ¶ 15; *see also* Doc. 16 at 2) An administrative law judge ("ALJ") determined the District did not deny J.F. a free appropriate public education, but that the District denied his parents the opportunity to meaningfully participate in developing the IEP. (*Id.*, ¶ 17) The ALJ determined J.F. should have an independent vision therapy assessment, "administered by an optometrist or ophthalmologist with experience treating low vision children with neurological or 'back end' vision disabilities." (*Id.*, ¶ 18)

On January 29, 2016, the District initiated this action by filing a complaint, appealing the decision by the ALJ. (Doc. 1) In the answer, J.F. included a counterclaim, also asserting the ALJ erred and seeking review of the decision. (Doc. 7)

On August 12, 2016, the parties filed a joint application to stay the action, indicating they had reached a settlement agreement, pending approval by the District. (Doc. 25) September 16, 2016, the District notified the Court the proposed settlement "was approved and ratified by the Board of Trustees of the Rosedale Union School District." (Doc. 30 at 1)

As part of the settlement agreement, the District agreed to "enter into a contract… with Dr. Carl Garbus whereby Dr. Garbus will perform an assessment of [J.F.'s] need for vision therapy as an educationally necessary related service, including, but not limited to, [J.F.'s] 'back end' vision needs." (Doc. 33-2 at 7) The parties agreed: "If for some reason Dr. Garbus refuses the contract… or if Dr.

Garbus becomes incapable of completing his assessment, Student agrees to select a different assessor and to inform District of Student's choice in a timely manner." (*Id.*)  In addition, the District "agree[d] to enter into a contract with Student's choice of assessor should Dr. Garbus be unavailable or incapable of completing the assessment." (*Id.*)  After Dr. Garbus declined to do the assessment, the child's parents selected Dr. Balliger to perform the visual therapy assessment. (Doc. 33 at 7)  J.F. contends the District has failed to comply with the terms of the settlement agreement to enter into a contract with Dr. Ballinger and seeks to compel compliance.  (*Id.* at 3)  Further, J.F. asserts the District has acted in bad faith and seeks an award of monetary sanctions against the District.  (*Id.*; *see also* Doc. 39)

## II.     Legal Standard

"An agreement to settle a legal dispute is a contract, and its enforceability is governed by familiar principles of contract law." *Jeff D. v. Andrus*, 899 F.3d 753, 759 (9th Cir. 1989) (citing *Miller v. Fairchild Indus.*, 797 F.2d 727, 733 (9th Cir. 1986)).  When reviewing a settlement agreement, the Court should consider whether "the writing was intended as a complete and exclusive statement of the terms of the agreement."  *Id.*  The "plain language" of an agreement must be considered, and the "terms are to be given their ordinary meaning." *See County of Santa Clara v. Astra USA, Inc.*, 540 F.3d 1094, 1100 (9th Cir. 2008) (explaining interpretation of contracts).

## III.    Discussion

J.F. asserts the District has not complied with the term of the agreement requiring the District to enter into a contract with Dr. Ballinger, after she was selected by J.F. as a replacement for Dr. Garbus.  According to Diane Weissburg, counsel for J.F., the District's prior counsel, Kyle Holmes, prepared a contract that Dr. Ballinger completed and signed on October 17, 2016.  (Doc. 33 at 7)  However, after "multiple difficulties" with Mr. Holmes, the District changed counsel on October 17, hiring Jennifer Gonzales to replace Mr. Holmes.  (Doc. 37-1 at 2, Gonzalez Decl. ¶ 2)

Ms. Gonzalez reports that on October 20, 2016, she received a copy of the contract signed by Dr. Ballinger for the first time. (Doc. 37-1 at 2, Gonzalez Decl. ¶ 4)  She asserts that the same day, "Ms. Weissburg emailed… and demanded that the District sign the IEE contract by the close of business the next day." (*Id.*, ¶ 6)  According to Ms. Gonzalez, "If it was not signed and returned by the next day, Ms. Weissburg threatened to file a motion to compel compliance, to seek fees, costs, and

sanctions." (*Id.*; *see also* Doc. 33 at 8)  Ms. Gonzalez requested "an extension of time to review and discuss the proposed IEE contract with the District, through Wednesday October 25, 2016, as the District had not been included in the negotiations or drafting of [the] contract." (Doc. 37-1 at 3, ¶ 7) On October 25, the District declined to sign the contract with Dr. Ballinger, which included incorrect dates and a $20,000.00 fee cap. (*Id.*, ¶ 9)

After the motion now pending before the Court was filed, the District negotiated with Dr. Ballinger for a reduction in the fee cap. (*See* Doc. 37-1 at 5-6, Gonzalez Decl. ¶¶ 16-19)  Dr. Ballinger "agreed to take $12,000.00, instead of $20,000.00, for the vision therapy IEE." (*Id.* at 6, ¶ 19)  The District provided a contract to Dr. Ballinger with this change on November 4, 2016. (*Id.*, ¶ 18) According to Ms. Gonzalez, upon hearing of the fee cap change, Ms. Weissburg "became outraged," after which the Ms. Gonzalez offered "to increase the fee cap." (*Id.*, ¶ 20)  Through the filing of its opposition to the motion, the District has continued its efforts to negotiate the contract, and offered to reimburse the costs for Dr. Ballinger's review of J.F.'s medical records and two days of visual evaluation and testing, which has already occurred. (*Id.* at 7, ¶ 24)

Significantly, the settlement agreement between J.F. and the District contains no terms regarding the timeframe for the District to enter into a contract with Dr. Ballinger. (*See* Doc. 33-2 at 7) Similarly, there is no provision governing the cost of the visual therapy assessment. (*Id.*) Consequently, there is no showing that the District was required to enter into a contract with Dr. Ballinger that contained any particular fee cap.  Likewise, there is no indication that the District was not permitted to negotiation with Dr. Ballinger regarding the terms and cost.[1]  Moreover, because Dr. Ballinger has agreed to perform the assessment for a cost up to $12,000.00, it appears the District has attempted to enter into the contract and has not failed to comply with the settlement agreement at this time.  On the other hand, the suggestion that Dr. Ballinger will not perform properly if the contract cap is $12,000 rather than $20,000 is anticipatory only and does not demonstrate the District has not performed or will

---

[1] J.F.'s arguments concerning the cost and speculation that the reduction will somehow diminish the quality of the assessment are unpersuasive (Doc. 39 at 10) in light of the fact that Dr. Garbus was expected to perform the IEE and record review for $525.00, though the amount did not include participation in the IEP team meeting. (Doc. 37-1 at 3, Gonzalez Decl. ¶ 9)

4

not perform its obligations under the settlement agreement.[2] Accordingly, the Court does not find the District has breached the agreement or acted in bad faith.

**IV.  Conclusion**

J.F. fails to show that the District has not complied with the terms of the settlement agreement requiring it to enter into a contract with Dr. Ballinger.  Accordingly, the motion to compel is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 28, 2016**              /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] On the other hand, if it is true that Dr. Ballinger will not properly perform the duties required by the contract because of the reduced fee cap, this would raise a concern—not about the District's compliance with the settlement agreement—but with Dr. Ballinger's ethics.